UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN ABREU,

                    Plaintiff,

          – against –

NYC DOC, NYC HEALTH AND
HOSPITALS, CAPTAIN MOHAMAD,
OFFICER MARSHALL, and JOHN DOES
1-2,

                    Defendants.

**ORDER**

19 Civ. 2990 (ER)

Ramos, D.J.:


        On April 2, 2019, Kevin Abreu ("Abreu") filed suit against the New York City

Department of Corrections ("DOC"), New York City Health and Hospitals, Captain Mohamad,

Officer Marshall, and John Does 1-2 for violations of his constitutional rights while he was

incarcerated on Rikers Island.  Doc. 2.  On May 16, 2019, the Court issued an order dismissing

DOC, and adding the City of New York, as a defendant.  Doc. 6 at 2-3.  On September 17, 2019,

defendants the City of New York and New York City Health and Hospitals filed a motion to

dismiss the complaint and served Abreu by United States Postal Service at his address of

incarceration.  Docs. 20, 21, 23.  Abreu did not file an opposition to the motion.  On April 9,

2020, the Court issued an Order directing Abreu to respond to the pending motion by May 7,

2020.  Doc. 25.  Again, Abreu failed to respond.  On June 22, 2020, the Court issued another

Order directing Abreu to respond to the motion by July 13, 2020 and warning that failure to do

so could result in "his case being dismissed pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure."  Doc. 26.  Abreu has yet to respond to the motion or otherwise contact the Court.

For the reasons set forth below, the Court dismisses Abreu's action for failure to prosecute.

"Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).  The Second Circuit lists five factors for a district court to consider while determining whether the "harsh remedy" of Rule 41(b) dismissal is appropriate:

(1) the duration of the plaintiff's failures,
(2) whether plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,
(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and
(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane*, 239 F.3d at 209 (citation omitted).  These factors counsel in favor of dismissal in Abreu's case.

*First*, Plaintiff has failed to respond to Defendants' dismissal motion, or otherwise communicate with the Court, for almost ten months.  Docs. 20, 21.  *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) ("A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b)) (collecting cases).  Moreover, the Court has twice directed Abreu to respond to no avail.  Docs. 25, 26.  Given the length of time without any communication from Abreu, the Court finds that this factor weighs in favor of dismissal.

*Second*, the Court was clear in its June 22, 2020 Order that failure to comply could result in the dismissal of Abreu's action under Rule 41(b).  It wrote, "Plaintiff is directed to respond to the motion to dismiss by July 13, 2020 or he may face sanctions for ignoring the Court's orders, including . . . his case being dismissed pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure." Doc. 26 at 1. Abreu was thus on notice of the potential consequences of his failure to obey the Court's orders.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed . . . ." *LeSane*, 239 F.3d at 210. Because Abreu failed to respond to the dismissal motion, or to contact the Court over the last approximately ten months, the Court perceives no circumstances rebutting this presumption. *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12 Civ. 1005 (ER), 2014 WL 793082, at *2-3 (S.D.N.Y. Feb. 21, 2014) (presuming prejudice to defendant where plaintiff had not responded to a pending motion or the Court's orders for eight months).

*Fourth*, Abreu has failed to take advantage of his "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. However, his absence has been "silent and unobtrusive rather than vexatious and burdensome." *Id.* at 210. As in *LeSane*, there is no compelling evidence of severe court congestion supporting dismissal.

*Fifth*, Courts in this district find that even *pro se* litigants must comply with court orders. *Virola*, 2014 WL 793082, at *3 (collecting cases). In the face of Abreu's failure to respond to the Court's orders or to communicate with the Court at all, there are no weaker sanctions that could remedy his failure to prosecute.

Given that four of the five *LeSane* factors weigh in favor of dismissal, the Court DISMISSES Abreu's action. The Clerk of Court is respectfully directed to terminate any outstanding motions and to close the case.

Chambers will mail a copy of this Order to Kevin Abreu, ID #4411900597, 98-11 Corona Ave., Queens, New York 11368.

It is SO ORDERED.

Dated:    July 16, 2020
          New York, New York

_____
          EDGARDO RAMOS, U.S.D.J.